1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10  JAMES HARRIS AND ROSANN              CASE NO. C13-1683 MJP
    HARRIS,
11                                        ORDER ON MOTION TO REMAND
                        Plaintiffs,
12
            v.
13
    ALL STATE VAN LINES
14  RELOCATION, INC., BEST PRICE
    MOVING AND STORAGE, INC., AND
15  RELO VAN LINES, LLC,

16                      Defendants.

17

18          This matter is before the Court on Plaintiffs' motion to remand this action. (Dkt. No. 3.)

19  Defendant Relo opposes the motion (Dkt. No. 11), and Defendants All State Van Lines

20  Relocation Inc. (Dkt. No. 12) and Best Price Moving and Storage, Inc. (Dkt. No. 13) join in

21  opposition. Having reviewed the motion, the responses, and the reply (Dkt. No. 16), and all

22  related papers, the Court GRANTS the motion and REMANDS this action to Snohomish County

23  Superior Court, but does not award fees or costs.

24

**Background**

1           In October 2012 Plaintiffs James Harris and Rosann Harris engaged the services of one or

more Defendants in transporting their belongings from their former residence in Michigan to

their new home in Bothell, Washington. (See Snohomish County Compl., Dkt. No. 1-2 at 4.)

They allege various acts of malfeasance by Defendants during this move, including allegations

that their property was held hostage and that upon payment and delivery, items were discovered

to have been damaged or lost. (Id. at 5–8.)

           Plaintiffs filed a complaint alleging only state law claims in Snohomish County Superior

Court on May 23, 2013. (Id.) However, most were contract claims arising out of interstate

shipping contracts, and such claims are generally preempted by the federal Carmack

Amendment. (See preemption discussion below.) Defendants chose to respond with a motion to

dismiss based on preemption, also asserting improper venue in view of a forum selection clause.

(Dkt. No. 1-3.) On August 22, Judge Bowden of Snohomish County Superior Court denied the

motion to dismiss, holding that the Carmack Amendment preempted Plaintiffs' contract claims

but not their tort claims and that venue was proper in Snohomish County. (Dkt. No. 1-5.) Judge

Bowden also ordered Plaintiffs to amend their complaint within thirty days to add federal

Carmack claims. (Id.)

           On September 3, Plaintiffs amended their complaint to add the federal claims. (Dkt. No.

1-6.) Only then, on September 17, did Defendants remove to federal court, asserting federal

question jurisdiction on the basis of Carmack claims totaling more than $10,000. (Dkt. No. 1.)

Before the Court is Plaintiffs' motion to remand the action, arguing that Defendants' notice of

removal was untimely. (Dkt. No. 3.)

1

**Discussion**

2        I.        Removal in Complete Preemption Case

3            This case presents an unusual clash between two procedural rules: the short deadline for

4    removal to federal court once a complaint's removability can be ascertained, see 28 U.S.C. §

5    1446(b), and the complete preemption "corollary" to the well-pleaded complaint rule in

6    preemption cases, see generally Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

7            In their motion to remand, Plaintiffs argue that when Defendants waited to remove to

8    federal court until after federal claims appeared on the face of the complaint, they missed the

9    deadline for removing a certain class of apparent state-law claims that are immediately

10   removable even when no federal claims are evident. (See Dkt. No. 3 at 5–7.) This class consists

11   of claims that are "completely" preempted by federal law—ERISA claims, notably, see

12   Metropolitan Life, 481 at 63–66, but also, per the 9th Circuit's holding in Hall v. N. Am. Van

13   Lines, Inc., 476 F.3d 683, 687–89 (9th Cir. 2007), state-law breach of contract claims against

14   interstate moving companies. Because a state court complaint alleging loss or damage to

15   property arising out of interstate shipping contracts is immediately removable to federal court

16   despite the absence of explicit federal claims, see id., Plaintiffs argue that their initial complaint

17   triggered the thirty-day removal deadline in 28 U.S.C. § 1446(b) and any later attempt to remove

18   is untimely.

19           Defendants urge that only the amended complaint containing explicit Carmack claims

20   triggered the thirty-day removal deadline, citing the ordinary well-pleaded complaint rule and the

21   fact that no federal claims appeared within the four corners of plaintiff's original complaint. (See

22   Dkt. No. 11 at 3–6.) Defendants further insist that the state court's determination that Defendant

23   Relo was "an interstate motor carrier" was a prerequisite to removability. (Id. at 6–8.)

24

1    Defendants are incorrect. <u>Hall</u>, which Defendants cited in their motion to dismiss in state

2    court (<u>see</u> Dkt. No. 1-4 at 4), clearly establishes that "the Carmack amendment is the exclusive

3    cause of action for interstate shipping contract claims alleging loss or damage to property." 476

4    F.3d at 688. <u>Hall</u> also holds that state court complaints are removable in the absence of explicit

5    federal claims if they present state-law contract claims arising from interstate shipping contracts.

6    <u>Id.</u> at 688–89. The fact that Defendant Relo is an interstate motor carrier, although relevant to

7    Relo's liability, is adequately alleged by the facts presented in the complaint. Facts need not be

8    definitively established in state court proceedings before an action can be removed to federal

9    court. Plaintiffs are therefore correct that Defendants could have removed to federal court at the

10   time of the first complaint.

11   Furthermore, the language of 28 U.S.C. § 1446(b)(3) makes clear that the thirty-day

12   clock runs from the time at which removability "may first be ascertained." Removal statutes are

13   strictly construed against removal, <u>Luther v. Countrywide Home Loans Servicing, LP</u>, 533 F.3d

14   1031, 1034 (9th Cir. 2008), and the defendant bears the burden of establishing that removal was

15   appropriate. <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996). As the 9th Circuit has held

16   with respect to completely preempted ERISA claims, the thirty-day clock for timely removal

17   begins at the filing of a complaint containing a completely preempted state-law claim, and

18   remand is appropriate if the defendant removes thereafter. <u>Cantrell v. Great Republic Ins. Co.</u>,

19   873 F.2d 1249, 1253–54 (9th Cir. 1989); <u>see also</u> <u>Harris v. Bankers Life & Cas. Co.</u>, 425 F.3d

20   689, 694 (9th Cir. 2005) (clarifying that <u>Cantrell</u> does not place the burden on defendant to

21   investigate facts within the subjective knowledge of the defendant but not discernible within the

22   four corners of the pleading).

23

24

1    Many other district courts have reached the same conclusion as <u>Cantrell</u>, holding that the

2  complete preemption "corollary" to the well-pleaded complaint interacts with § 1446(b) so that

3  remand is appropriate where a defendant belatedly removes completely preempted claims. <u>See,</u>

4  <u>e.g.</u>, <u>Koolaire v. Cardinal Transport, Inc.</u>, No. 1:10-cv-00501, 2010 WL 2541812, *2–*3 (N.D.

5  Ohio May 25, 2010) (adopted by 2010 WL 2541796 (N.D. Ohio June 18, 2010)) (recommending

6  remand when defendant delayed beyond thirty days the removal of state contract claims

7  completely preempted by the Carmack Amendment); <u>Hoover v. Allied Van Lines</u>, 205 F. Supp.

8  2d 1232, 1240–41 (D. Kan. 2002) (same);  <u>Davidson v. Life Ins. Co. of N. Am.</u>, 716 F. Supp.

9  674, 675–76 (D. Mass. 1989) (same conclusion under ERISA);  <u>cf.</u> <u>Burks v. Amerada Hess</u>

10 <u>Corp.</u>, 8 F.3d 301, 305–06 (5th Cir. 1993) (holding that removal was timely because state law

11 claims in initial complaint were not preempted by ERISA, and therefore only the amended

12 complaint, which contained ERISA-preempted claims, started the thirty-day clock). The

13 application of this procedural rule may seem harsh, but in this case the action has been

14 proceeding briskly in state court, and it is clear from Defendants' motion to dismiss in state court

15 that Defendants were able to recognize through a straightforward examination of Plaintiffs'

16 complaint that it contained inartfully pleaded Carmack Amendment claims.

17    II.    Fees and Costs

18    The Court has discretion to award fees and costs under 28 U.S.C. § 1447(c), but should

19 do so only when the removing party "lacked an objectively reasonable basis for seeking

20 removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). Although the outcome of

21 this motion is largely controlled by the intersection of easily ascertainable procedural rules and

22 9th Circuit case law, the conclusion reached thereby is at least mildly counterintuitive.

23

24

1 | Defendants did not act unreasonably in resisting it. The Court therefore declines to award fees

2 | and costs.

3 | **Conclusion**

4 |      Because Plaintiffs' original state court complaint contained contract claims that were

5 | completely preempted by the Carmack Amendment, Defendant's removal when Plaintiffs

6 | formally amended the complaint to add Carmack claims several months later was untimely. The

7 | Court therefore REMANDS the action to Snohomish Superior Court. The Court does not award

8 | fees or costs.

9 |

10 |      The clerk is ordered to provide copies of this order to all counsel.

11 |      Dated this 4th day of November, 2013.

12 |

13 |

14 |

Marsha J. Pechman
Chief United States District Judge

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

ORDER ON MOTION TO REMAND- 6